IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Danny Charles Mullinax, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 6:19-cv-1040-BHH |
| v. ) | |
| ) | **ORDER** |
| Deputy Lovelace, Greenville County ) | |
| Sheriff's Department, Solicitor Matt ) | |
| Wallace, Family Court, Deputy ) | |
| Sheriff John Doe I, Sheriff Will ) | |
| Lewis, Greenville County, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before the Court upon Plaintiff Danny Charles Mullinax's ("Plaintiff" or "Mullinax") pro se complaint filed pursuant to 42 U.S.C. § 1983. In his complaint, Plaintiff raises claims related to an allegedly unconstitutional search conducted in connection with a traffic stop and his prosecution that resulted from the search.

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the matter was referred to a United States Magistrate Judge for preliminary determinations. On April 23, 2019, Magistrate Judge Jacquelyn D. Austin issued a report and recommendation ("Report") outlining Plaintiff's claims and recommending that the Court summarily dismiss this action without issuance and service of process.[1] Specifically, the Magistrate Judge explained that Plaintiff's complaint fails to state a valid claim pursuant to § 1983 against Sheriff Will Lewis and Greenville County Sheriff's Office, and that these Defendants are entitled to summary dismissal based on Eleventh Amendment immunity.

---

[1] The Magistrate Judge also noted that any attempt to cure the deficiencies in Plaintiff's complaint would be futile. (ECF No. 10 at 19, n.1.)

Similarly, the Magistrate Judge explained that Solicitor Matt Wallace is entitled to absolute immunity for the alleged conduct that relates to Wallace's actions in prosecuting Plaintiff. The Magistrate Judge also explained that "Family Court" is not a "person" amenable to suit under § 1983, and that to the extent Plaintiff is attempting to sue a particular family court judge, any judge would be entitled to absolute judicial immunity from claims for damages arising out of their judicial actions unless they act in the complete absence of all jurisdiction. With respect to Defendant Greenville County, the Magistrate Judge noted that Plaintiff's complaint fails to allege facts sufficient to state a plausible claim and that, in any event, a local government may not be held liable under § 1983 solely because it employs the tort-feasor. Rather, Plaintiff must identify a local governmental custom or policy that caused his injury, which Plaintiff's complaint fails to do. In addition, the Magistrate Judge explained that Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477, 481 (1994), because money damages for an allegedly unlawful warrant, search, prosecution, and seizure are not available in this civil rights action, as Plaintiff's conviction and sentence have not been overturned. Lastly, the Magistrate Judge explained that Plaintiff's property claim fails because Plaintiff has an adequate state court remedy under the South Carolina Tort Claims Act to secure the return of the property or to compensate for the loss.

Attached to the Magistrate Judge's Report was a notice advising Plaintiff of his right to file written objections to the Report within fourteen days of being served with a copy. Plaintiff did not file timely objections to the Report but instead filed an amended complaint alleging similar claims against Deputy Lovelace, Deputy John Doe I, and the State of South Carolina.

The Magistrate Judge makes only a recommendation to the Court. The

recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no specific objections were filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. After review, the Court finds no clear error and agrees with the Magistrate Judge that Plaintiff's complaint is subject to dismissal for the reasons set forth by the Magistrate Judge.

Moreover, the Court has reviewed Plaintiff's amended complaint and finds that it does not resolve the issues pointed out by the Magistrate Judge. As an initial matter, the State of South Carolina is entitled to Eleventh Amendment immunity. In addition, as the Magistrate Judge properly explained, Plaintiff's claims are premature because his conviction and sentence have not been overturned. *See Heck*, 512 U.S. 477. In other words, because a favorable determination on the merits of Plaintiff's claims would imply that his criminal conviction and sentence are invalid, Plaintiff's claims are subject to

dismissal because a right of action has not yet accrued. Moreover, with respect to Plaintiff's claim that Defendant Lovelace took money from his pocket and did not return it, the availability of a state cause of action pursuant to the South Carolina Tort Claims Act provides adequate due process, and Plaintiff cannot pursue such a claim in this Court.

Finally, with respect to Plaintiff's motion to appoint counsel, the Court notes that Plaintiff has no constitutional right to counsel in this action, and the Court ultimately finds that no exceptional circumstances warrant the appointment of counsel at this time.

Based on the foregoing, it is hereby **ORDERED** that the Magistrate Judge's Report (ECF No. 10) is adopted and incorporated herein; Plaintiff's motion to appoint counsel (ECF No. 17) is denied; and this action is dismissed without issuance and service of process.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
The Honorable Bruce Howe Hendricks
United States District Judge

July 10, 2019
Charleston, South Carolina